UNITED STATES, Appellee

v.

DONOVAN CHARLES STEWART, Private,
U. S. Marine Corps, Appellant

2 USCMA 321, 8 CMR 121

No. 679

Decided March 20, 1953

LCᴅʀ. John J. Nelson, USN, Lᴛ. Henry B. Nesbitt, USNR, and Lᴛ. A. J. Amico, USNR, for Appellant.

Cᴅʀ. E. L. McDonald, USN, Cᴅʀ. Malcom J. Bradbury, USN, and Lᴛᴊɢ. Robert Emmett Dunne, USNR, for Appellee.

## Opinion of the Court

Pᴀᴜʟ W. Bʀᴏsᴍᴀɴ, Judge:

On his plea of guilty, the accused, Stewart, was convicted by general court-martial of desertion, in violation of Article 8, paragraph 21, Articles for the Government of the Navy.[1] He was sentenced to dishonorable discharge, confinement at hard labor for three years, together with the usual accessories. The findings and sentence were affirmed by a board of review on December 12, 1951. However, the board subsequently granted a motion for reconsideration, and, on February 11, 1952, ruled that the specification was insufficient in that its language alleged only a desertion from "command" rather than a desertion "from the Naval service," as required by Section 76, Naval Courts and Boards, 1937. The board went on to conclude that the specification did, however, support the lesser included offense of "desertion from command" as "conduct to the prejudice of good order and discipline," proscribed by Article 22, Articles for the Government of the Navy, 34 U. S. C. § 1200, which lesser offense it affirmed on the basis of the accused's plea of guilty. It also affirmed the sentence imposed, on the ground that it was safely within the maximum punishment specified for desertion in the Table of Maximum Punishments, Manual for Courts-Martial, United States, 1951. This Court granted accused's petition for review to consider the matters hereinafter dealt with.

## II

It is contended that the sentence approved by the board of review exceeds the maximum imposable under the 1951 Manual, supra. This requires that we first determine the maximum sentence imposable under the provisions of Naval Courts and Boards, 1937—for that provided by the 1951 Manual governs only to the extent that it does not exceed the limits of the prior law. See *United States* v. *Emerson* (No. 77), 1 CMR 43, decided November 14, 1951. Turning to Naval Courts and Boards, 1937, we find that, for the purposes of the present inquiry, it is immaterial whether the offense be viewed as a "desertion from command," to the prejudice of good order and discipline, or as an "unauthorized absence," for the punitive limit as to the former, as applied to this case, reaches approximately five years' confinement, and for the latter, comes to three years plus—both of which, as we shall shortly see, exceed clearly the maximum imposable under the 1951 Manual.

The Manual prescribes as the maximum punishment for desertion of the type with which we are presently concerned—if it is to be punished as such —dishonorable discharge, total forfeitures, and confinement for three years. Manual, supra, paragraph 127c, Section A, page 220. On the other hand, if the offense involved here is to be treated as a simple absence without leave, the maximum sentence is dishonorable discharge, total forfeitures and six months' confinement. Ibid. The question of which of these is to govern now arises. Appellant contends that the latter should control, while the Government argues that the board of review was correct in applying the former.

We are convinced that the board of review here was correct in using the maximum punishment applicable to desertion of a type other than to avoid hazardous duty or to shirk important service. Paragraph 127c of the Manual, supra, states, with respect to the enu-

---

[1] The offense was committed prior to the effective date of the Uniform Code of Military Justice. Consequently, it was necessary that the charges be laid under the Articles for the Government of the Navy, 34 U. S. C. § 1200.

merations of the Table of Maximum Punishments:

". . . If an offense not listed in the table is included in an offense which is listed and is also closely related to some other listed offense, the lesser punishment prescribed for either the included or closely related offense will prevail as the maximum limit of punishment."

Although we are not at all sure that we might not properly hold that the offense found by the board of review *is* listed within the meaning of the catalogue of types of desertion set out therein, we need not bottom our holding on this proposition. Quite clearly, however, if the "desertion" of which the accused stands convicted is not thus regarded, it certainly is included within the offense of desertion of a type other than for the purpose of avoiding hazardous duty or shirking important service. Therefore, as specified in paragraph 127c, supra, the punishment for that offense will govern, unless accused's offense is also *"closely* related" to another included within the Table. (Emphasis supplied). The argument advanced by appellant is that the offense found by the board is "closely related" to absence without leave, and thus that the limit of punishment for that offense must be applied. This contention might enjoy some slight merit if the direction were merely to *related* offenses—but it is much narrower than this. If the term, "closely," is to mean anything at all, it compels us to decline appellant's suggestion. Patently, his absence from command for almost three years is hardly *closely* related to mere absence without leave. Thus, having concluded that the offense alleged here is at least included within desertion of a type other than to avoid hazardous duty or to shirk important service, and that it is not "closely related" to another enumerated offense, the punishment for the former must govern.

### III

We have not overlooked appellant's argument that since the offense must be treated as an "Unauthorized absence" under Naval Courts and Boards, 1937, so it must be dealt with as an absence without leave under the 1951 Manual, supra. Conceding arguendo the soundness of his premise, the weakness of the argument is that its conclusion does not follow at all. Even though punished under Naval Courts and Boards, 1937, as an "Unauthorized absence," we remain of the opinion that paragraph 127c of the current Manual would, as construed above, require a conclusion identical with the one we have reached.

Accused's argument that the action of the board of review is unreasonable, unjust, and oppressive is wholly without merit. Essentially it amounts to no more than an empty exercise in semantics. Although the board had affirmed a finding of guilt of "Unauthorized absence," as he urges it should have done, the net result in terms of legally imposable penal action—as we have seen —would remain unchanged. Too, evaluated in terms of moral obloquy, the accused's conduct certainly removes the board's action far from the content of such terms as oppression and injustice.

For the reasons stated, the decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.